**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

RANDY OATMAN,   Case No. 8:25-bk-04577-CED
                Chapter 13

    Debtor.
_____/

**HARVEY SCHONBRUN, TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**
(Doc. No. 5)

Harvey Schonbrun, Trustee ("**Schonbrun**"), by and through its undersigned attorneys, files its Objection to Confirmation of Debtor's Chapter 13 Plan ("**Objection**") stating as follows:

**Background**

1. On July 7, 2025 (the "**Petition Date**"), Randy Oatman (the "**Debtor**") filed his voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. Kelly Remick is the appointed Chapter 13 trustee of the Debtor's bankruptcy estate and is currently serving the estate in this capacity.

3. On July 12, 2022, Debtor and Rena Bailey ("**Co-Borrower**") executed and delivered to Schonbrun a Promissory Note (the "**Note**") in the amount of $110,000.00. Contemporaneously with the execution and delivery of the Note, Debtor executed and delivered a Mortgage and Security Agreement (the "**Mortgage**") granting a security interest in the real property described therein located at 4127 12th Avenue S, St. Petersburg, Florida (the "**Property**").

4. The Debtor filed his original Chapter 13 Plan (the "**Plan**") on July 7, 2025 (Doc. No. 5).

5. On July 22, 2025, Schonbrun filed Proof of Claim No. 5-1 asserting a secured amount owed by Debtor of $146,681.62, with pre-petition arrears totaling $36,683.36 and regular monthly payments of principal and interest of $1,184.66 (the "**Claim**").

6. Schonbrun objects to the Plan as more specifically set forth below.

### Objection to Confirmation

7. The Plan misstates the amount of the pre-petition arrears.

8. The Plan violates 11 U.S.C. § 1325(a)(5)(A) as well as § 1325(b)(1)(A) and (b)(1)(B).

9. The Debtor has failed to provide proof of a valid hazard insurance policy as required under the terms of the Mortgage (i) naming 'Harvey Schonbrun, Trustee' as 'loss payee' and (ii) which states that "Mortgagor further covenants to keep the buildings…constantly insured against all loss or damage for the full insurable value of the property" (*See* Claim at p. 14).

10. The Schonbrun Claim does not include an impound account for future taxes and insurance.

11. Schonbrun objects to any proposed Plan that is inconsistent with its claim or is not amended or modified to overcome his objections.

12. There is no provision in the Debtor's budget (Schedule J) for payment of hazard insurance or post-petition real property taxes.

13. Based on the information in the Debtor's schedules, the Plan is not feasible.

14. Schonbrun reserves the right to supplement and/or amend this Objection.

**WHEREFORE**, Schonbrun respectfully requests that the Court enter an Order (a) sustaining Schonbrun's Objection; (b) denying confirmation of the Chapter 13 Plan; and (c)

granting such other and further relief as the Court deems appropriate.

Dated: July 22, 2025.

>*/s/ Stephanie C. Lieb*
>STEPHANIE C. LIEB
>Florida Bar No. 31806
>slieb@trenam.com
>TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
>101 E. Kennedy Blvd., Suite 2700
>Tampa, Florida 33602
>Telephone: (813) 227-7474
>*Attorneys for Harvey Schonbrun, Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2025, a true and correct copy of the foregoing was furnished by CM/ECF to all CM/ECF registered participants and/or U.S. Mail to Randy Oatman, 4127 12th Avenue S, St. Petersburg, FL 33711.

>*/s/ Stephanie C. Lieb*
>Stephanie C. Lieb